JUDGMENT

This appeal was considered on the record of the United States District Court and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j).
For the reasons set forth in the attached memorandum, it is
ORDERED AND ADJUDGED that the judgment of the District Court is affirmed.
Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.

MEMORANDUM

On May 12, 2003, terrorists believed to be associated with the al-Qaeda network carried out a suicide bombing in a residential compound in Riyadh, Saudi Arabia. The compound housed civilians employed by the Vinnell Corporation to assist in the modernization of the Saudi Arabian National Guard (“SANG”). The plaintiffs are fifteen former Vinnell employees injured in the bombing, family members of those injured employees, and family members of two employees killed in the bombing. They filed suit against the Kingdom of Saudi Arabia and the SANG, alleging that the defendants failed to provide adequate security at the Riyadh compound and failed to warn the employees of the inadequate security when Vinnell hired them in the United States. Under the Foreign Sovereign Immunities Act, the defendants are immune from suit unless one of the Act’s exceptions applies. The plaintiffs invoke the statutory exceptions for actions based upon (1) “a commercial activity carried on in the United States by the foreign state” and (2) “an act performed in the United States in connection with a commercial activity of the foreign state elsewhere.” 28 U.S.C. § 1605(a)(2). The district court concluded that the first exception did not apply because Vinnell was not the defendants’ agent when it hired the plaintiffs in the United States and allegedly failed to warn them, and the second exception did not apply because the plaintiffs’ cause of action did not arise ' until after the bombing in Saudi Arabia and, in any case, the defendants’ actions did not constitute “commercial activity” under the statute.
On appeal, the plaintiffs challenge the district court’s determination on both exceptions and assert that the court abused its discretion when it denied them jurisdictional discovery related to whether Vinnell acted as the agent of Saudi Arabia when it hired the plaintiffs in the United States. We agree with the district court that the defendants are immune from suit and therefore we affirm the judgment of the district court in granting the defendants’ motion to dismiss for lack of subject matter jurisdiction.
Regarding the exception for commercial activity carried on in the United *3 States, the plaintiffs’ complaint pleads no facts that, if true, would establish that Vinnell was acting as the agent of Saudi Arabia when it hired the plaintiffs in the United States. Saudi Arabia contracted with the United States for military training services under the Foreign Military Sales (“FMS”) program, and the United States then contracted with Vinnell to provide those services. The plaintiffs plead no facts that suggest a legal relationship between Vinnell and Saudi Arabia or that show control by the defendants over Vin-nell’s hiring in the United States. See Transamerica Leasing, Inc. v. La Republica de Venezuela, 200 F.3d 843, 848-49 (D.C.Cir.2000). The complaint only alleges that Saudi Arabia, in its FMS dealings with the United States, directly chose Vin-nell to be the contractor for the SANG project, and all negotiations between the United States and Vinnell were at the behest of Saudi Arabia and based on its past course of dealings with Vinnell. This allegation is not enough to establish agency, nor is the unsupported general allegation that an agency relationship existed.
The plaintiffs urge that the district court should have allowed them to discover facts to support them claim of agency. A district court acts within its discretion to deny discovery when the plaintiff has failed to show that discovery would alter the jurisdictional analysis. See El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 671 (D.C.Cir.1996). Here, the plaintiffs’ allegation of agency is “conelusory” and unsupported by “specific” factual allegations, id. at 676, and discovery would serve only to “ ‘frustrate the significance and benefit of entitlement to immunity from suit,’ ” id. at 671 (quoting Foremost-McKesson, Inc. v. Islamic Republic of Iran, 905 F.2d 438, 449 (D.C.Cir.1990)).
Finally, regarding the exception for an act performed in the United States in connection with commercial activity of the foreign state elsewhere, the plaintiffs argue that the defendants’ commercial activity elsewhere could be Saudi Arabia providing for the SANG to protect the Riyadh complex or Saudi Arabia participating in the FMS program. The district court correctly concluded that these are not commercial activities under the Act because neither is the “type of action [ ] by which a private party engages in trade and traffic or commerce,” Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 614, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992) (quotation omitted), but rather both are quintessentially sovereign activities. See Mwani v. bin Laden, 417 F.3d 1, 17 (D.C.Cir.2005) (provision of security guards by Taliban for terrorist training camp in Afghanistan was not commercial activity); Cicippio v. Islamic Republic of Iran, 30 F.3d 164, 168 (D.C.Cir.1994) (“When two governments deal directly with each other as governments, even when the subject matter may relate to the commercial activities of its citizens or governmental entities ... those dealings are not akin to that of participants in the marketplace.”).